## Case No. 7,904.

### KNOWLTON v. HOLLAND.[1]

Circuit Court, D. Connecticut. 1878.

PATENTS—ANTICIPATION—SEWING SILK.

[The Knowlton patent (No. 173,125) for an improvement in putting up sewing silk for sale and use is void because of anticipation.]

[This was a bill by Charles C. Knowlton against Jane Holland for infringement of a patent.]

Benjamin E. Valentine, for plaintiff.
Charles E. Perkins, for defendant.

SHIPMAN, District Judge. This is a bill in equity, founded upon the alleged infringement of letters patent [No. 173,125] which were issued to the plaintiff on February 8, 1876, for an improvement in putting up sewing silk for sale and use. The invention consists, in the language of the specification, "in putting up sewing silk in skeins or hanks formed of coils or plies of braid, which is itself formed of a number of sewing threads, substantially as hereinafter more fully set forth. After the silk has been manufactured into threads of the proper size for the sewing silk required, I first braid a number of the threads into a long continuous braid, sufficiently loose that when a braid is cut into proper lengths to constitute needlefuls of silk for the common sewing-needle, a needleful may be drawn from the braid with ease

1 [Not previously reported.]

and facility. The exact number of threads in each braid is not essential, but usually somewhere from eight to twenty will be found most convenient. The silk may then be braided into continuous braids by any suitable braiding-machine. The continuous braid being thus formed I then reel it into skeins of suitable or convenient size, about an ounce of silk in each skein being preferred."

The claims are: 1. "The method of putting up sewing silk, substantially as herein described, which consists in braiding the threads and then reeling said braids into a skein or hank, essentially as set forth. 2. A skein or hank of sewing silk or thread, formed of a number of plies of a braid or braids of threads, whether cut into lengths or continuous, substantially as hereinbefore set forth."

The invention was designed to obviate the difficulty of separating a skein of sewing silk from the bundle, or of separating a single thread from the skein without tangling the silk, and "to furnish the silk in a condition in which it can be handled with facility by both the dealer and the user without danger of tangling, and in which it is otherwise more convenient for sale and use." The defendant admitted by written stipulation that since the date of the plaintiff's patent, and before the commencement of this suit, she had made, used, and sold sewing silk put up in accordance with and embodying the invention set forth in the patent, and had put up the same in accordance with and embodying said invention, and that the same was an infringement of said patent, provided said patent is valid. The novelty of the patented invention is the only question of fact in the case.

The defendant's method of putting up silk is in a braid of longer plaits than those in the braid of the plaintiff, less neatly and closely braided, and more liable to become tangled; it produced apparently a less attractive article of manufacture than the plaintiff's skein. The defendant's silk is braided much in the same way in which the skeins of sewing twist are braided upon spools. I am satisfied that the method in which the defendant "puts up" her sewing silk was publicly used, and that such silk so put up was sold by Ira Dimock and by Samuel Porter, superintendent of the Nonotuck Silk Manufacturing Company, of Florence, Massachusetts, in the year 1872, and that skeins or hanks of sewing silk formed of a number of coils of braid or braids, the braid being thus formed of a number of sewing threads braided and put up substantially in the manner described in said patent, were put up and sold in market and were used in the year 1872, and before the date of the plaintiff's invention, by the persons hereinbefore named, and that such putting up and use was not merely an experiment, but that the invention was completed and reduced to practice in the year 1872. The bill should be dismissed.